## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

TEVIN JERRELL HARTLINE,

      Plaintiff,

      CASE NO.

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC. and AFFIRM,
INC.,

      Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, TEVIN JERRELL HARTLINE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and AFFIRM, INC. (hereinafter "Affirm") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA") Fl. Stat. § 559.72 *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA and FCCPA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA, and 28 U.S.C. § 1367.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Escambia County in the State of Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Affirm is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Affirm is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     Affirm furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff is alleged to owe a debt to Affirm as to three credit accounts, partial account number NYET****, partial account number QD7X****, and partial account number ZNKJ**** (hereinafter collectively "Affirm Accounts"). Plaintiff does not have an Affirm account, and he never applied or gave permission to anyone to apply using his information for the aforementioned Affirm accounts.

17.     In or about November 2023, Plaintiff started to receive emails from Affirm regarding past due payments. However, since he did not have an account with Affirm Plaintiff assumed the emails were scam.

18.     In or about January 2024, Plaintiff received an alert that hisExperian credit score had decreased by 122 points.

19.     Shortly thereafter, Plaintiff reviewed his Experian credit report and became aware of the erroneous Affirm Accounts appearing on his credit report with a status of "past due as of Jan 2024". Such reporting of the fraudulent Affirms Accounts negatively impacted Plaintiff's credit.

20.     At that time, Plaintiff disputed the erroneous accounts with Affirm directly with Experian online.

21.     On or about January 8, 2024, Experian responded to Plaintiff's online dispute only as to one of the Affirm accounts, partial account number QD7X****. Experian's response stated the aforementioned erroneous Affirm account was verified as accurate and would remain on Plaintiff's credit report.

22.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

23.     Experian never attempted to contact Plaintiff during the alleged investigation.

24.     Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

25.     On or about January 15, 2024, Plaintiff obtained a copy of his Experian credit report. Upon review, Plaintiff observed Affirm, partial account number

NYET****, was reported with a status of $70 past due as of January 2024 and a balance of $742. Further, Plaintiff observed Affirm, partial account number QD7X****, continued to be reported with a status of $69 past due as of January 2024 and a balance of $739. Lastly, Plaintiff observed Affirm, partial account number ZNKJ****, was reported with a status of $70 past due as of January 2024 and a balance of $738.

26.   Plaintiff also observed that the January 15, 2024, Experian report included a personal statement regarding a security alert as to fraudulent activity:

ID SECURITY ALERT: FRAUDULENT APPLICATIONS MAY BE SUBMITTED IN MY NAME OR MY IDENTITY MAY HAVE BEEN USED WITHOUT MY CONSENT TO FRAUDULENTLY OBTAIN GOODS OR SERVICES. DO NOT EXTEND CREDIT WITHOUT FIRST VERIFYING THE IDENTITY OF THE APPLICANT. I CAN BE REACHED AT 850-691-8452. THIS SECURITY ALERT WILL BE MAINTAINED FOR 1 YEAR BEGINNING 01-11-24.

27.   On or about January 15, 2024, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), account number 168359427, informing them that he believed he was a victim of identity theft due to the fraudulent and erroneous Affirm Accounts appearing on his Experian credit report.

28.   Due to the inaccurate reporting, on or about January 24, 2024, Plaintiff uploaded a detailed written dispute letter to Experian online. In that letter, Plaintiff explained the Affirm Accounts did not belong to him and were fraudulent. In the letter, Plaintiff included a copy of his driver's license and Social Security card to confirm his identity. Plaintiff also included in the letter images of the erroneous

reporting, images of his filed FTC Identity Theft Report, number 168359427, and other supporting documents.

29.    On that same day, January 24, 2024, Experian responded to Plaintiff's detailed dispute letter by stating all three Affirm Accounts were verified as accurate and updated.

30.    Despite providing Experian with all the relevant information needed to prove the aforementioned Affirm accounts were fraudulent and unauthorized, Experian continued to report the inaccurate accounts.

31.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher.

32.    Experian never attempted to contact Plaintiff during the alleged investigation.

33.    Upon information and belief, Experian notified Affirm of Plaintiff's dispute. However, Affirm failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

34.    Despite Plaintiff's best efforts to have the fraudulent Affirm accounts removed, Experian continued to report the fraudulent accounts to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

35.    Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

36.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

37.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the error;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

    iv.   Reduction in credit score;

    v.   Loss of the ability to benefit from lower interest rates; and

    vi.   Apprehensiveness to apply for credit due to the fear of rejection.

## **CAUSES OF ACTION**

## <u>COUNT I</u>
## Violations of 15 U.S.C. § 1681e(b) as to
## Defendant, Experian Information Solutions, Inc. (Negligent)

38.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40.     Experian allowed for a Furnisher to report inaccurate information on an account.

41.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

42.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

43.     Experian chooses the illegitimate parroting of information despite consumers, like Plaintiff, providing ample evidence.

44.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the

anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

45.     Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

46.     The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

47.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

48.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

49.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

50.     Experian allowed for a Furnisher to report inaccurate information on an account.

51.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

52.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

53.     Experian chooses the illegitimate parroting of information despite consumers, like Plaintiff, providing ample evidence.

54.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

55.    Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided the Federal Trade Commission Identity Theft Report, which contained sworn testimony of the fraud.

56.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

57.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

58.    Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

59.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

60.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

61.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

62.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

63.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 16811i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

64.     Plaintiff re-alleges and reincorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

65.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

66.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

67.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

69.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Affirm, Inc. (Negligent)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

71.     Affirm furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

72.     After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

73.     Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the accounts were fraudulent.

74.     Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

75.     Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

76.     As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77.     The conduct, action, and inaction of Affirm was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78.     Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award actual damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Affirm, Inc. (Willful)

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

80.     Affirm furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

81.     After receiving Plaintiff's disputes, Affirm violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to Experian; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82.     Plaintiff provided all the relevant information and documents necessary for Affirm to have identified that the accounts were fraudulent.

83.     Affirm did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Affirm by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

84.     Affirm violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Experian after it had been notified that the information it was furnishing was inaccurate.

85.     As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86.     The conduct, action, and inaction of Affirm was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87.     Plaintiff is entitled to recover costs and attorney's fees from Affirm in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VII
**Violation of Florida Statute § 559.72(9)**
**Defendant, Affirm, Inc.**

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

89.    Affirm violated Florida Statute § 559.72(9) by attempting to collect debts it knew were inaccurate and not legitimate.

90.    Affirm had all the information it needed to determine that the debts were inaccurate and not legitimate, and yet repeatedly attempted to collect payment from Plaintiff stating that he owed an illegitimate debt of $742, an illegitimate debt of $739, and an illegitimate debt of $738.

91.    As a direct result of this conduct, action, and/or inaction of Affirm, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

92.    Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from Affirm pursuant to the FCCPA.

93.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Affirm in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests a finding of actual, statutory, compensatory, and punitive damages against Defendant, AFFIRM, INC., jointly and severally; award Plaintiff his attorney's fees

and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TEVIN JERRELL HARTLINE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. and AFFIRM, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of January 2024.

Respectfully Submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ Octavio Gomez, Esq.**

Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*